UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Divaunte K. Young, | Case No. 21-CV-2598 (NEB/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Guy Bosch, | |
| Respondent. | |

Petitioner Divaunte K. Young filed a petition for a writ of habeas corpus challenging the date calculated by the Minnesota Department of Corrections for his release from prison.  *See* Petition [ECF No. 1].  In an order dated December 20, 2021, this Court directed Young to show cause why this matter should not be dismissed without prejudice for failure to exhaust available remedies for his claims in the state courts.  *See* ECF No. 5 (citing 28 U.S.C. § 2254(b)).  As explained in the order to show cause, a Minnesota prisoner may challenge the calculation of his release date through the filing of a petition for a writ of habeas corpus pursuant to Minn. Stat. § 589.01.  *See, e.g.*, *McGee v. Roy*, No. A12-0399, 2012 WL 4856203 (Minn. Ct. App. Oct. 15, 2012); *Wieseler v. Miles*, No. A16-1845, 2017 WL 2836095 (Minn. Ct. App. July 3, 2017).  There was no reason to believe from the documents submitted by Young, or from the state-court records available to this Court, that Young had ever presented to the state courts the claim that he sought to litigate in his federal habeas petition.  Accordingly, Young was asked to explain within 30 days of the December 20, 2021 order why this matter should not be

dismissed without prejudice pursuant to § 2254(b).  Young was also warned that failure to submit a response could result in a recommendation that this matter be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

The deadline for responding to the order to show cause has now passed, and Young has not submitted a response.  Accordingly, this Court now recommends, consistent with the prior order, that this matter be dismissed without prejudice, both because of Young's failure to prosecute this action and because Young's claim for relief has by all indications not yet been exhausted in the state courts.  Young may return to state court and prosecute his claim after that claim has been fairly presented to the state courts (including the Minnesota Court of Appeals and Minnesota Supreme Court).

Two further matters merit brief comment.  First, because it is recommended that this matter be summarily dismissed, it is further recommended that Young's pending application to proceed *in forma pauperis* be denied.  *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).  Second, because the basis for the recommended dismissal does not appear to this Court to be reasonably debatable, it is further recommended that a certificate of appealability not be issued in this matter.  *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of petitioner Divaunte K. Young [ECF No. 4] be DENIED.

3. No certificate of appealability be issued.

Dated: January 27, 2022              s/*Hildy Bowbeer*_____
                                     HILDY BOWBEER
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).